UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOLETTA L. McGOWEN,**

      **Plaintiff,**

   v.                              Case No. 2:12-cv-520
                                     JUDGE GREGORY L. FROST
**CAROLYN W. COLVIN,**               Magistrate Judge Mark R. Abel
**Commissioner of Social Security,**

      **Defendant.**

## ORDER

      This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) in which Plaintiff, Loletta L. McGowan, seeks review of a final decision of the Commissioner of Social Security ("Commissioner") that denied her application for social security disability insurance benefits. The matter is before the Court for consideration of the Magistrate Judge's June 26, 2013 Report and Recommendation (ECF No. 17) and Plaintiff's Objections (ECF No. 19).

      When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

      This Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.' " *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A decision supported by substantial evidence is therefore not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Substantial evidence exists when " a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion,' " and this standard " 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Cognizant of the foregoing analytic framework, the Court has considered the Report and Recommendation and Plaintiff's objection in light of the record. In the Report and Recommendation, the Magistrate Judge concluded that substantial evidence existed to support the administrative law judge's determination that Plaintiff had failed to meet Listing 1.04A and qualify for benefits. The Magistrate Judge therefore recommended that the Court affirm the decision of the Commissioner of Social Security. Plaintiff objects to the Report and Recommendation on the grounds that both the administrative law judge and the Magistrate Judge failed to afford the findings of Dr. W. Scott Bolz sufficient weight in order to meet the objectives of the Social Security Act. She states that "since in the absence of contradiction, this treating

source's finding would have been entitled to controlling weight, it would certainly seem as though greater weight should have been given to it that to which the [administrative law judge] applied." (ECF No. 19, at Page ID # 111.)

Plaintiff's reasoning asks this Court to assign dispositive weight to one doctor's conclusions despite the fact that, as even Plaintiff acknowledges, there is debate among the numerous doctors involved in Plaintiff's case as to whether Bolz's conclusions regarding Plaintiff's purported condition are correct. In light of the substantial evidence that undercuts Bolz's diagnosis, this Court cannot conclude that either the administrative law judge or the Magistrate Judge erred. Both recognized Bolz's conclusions but weighed them within the context of a notably conflicted record that contained much evidence casting those conclusions into doubt. Accordingly, the Court disagrees with Plaintiff that either the administrative law judge or the Magistrate Judge disregarded the purpose of the Social Security Act. Substantial evidence supports the administrative law judge's findings and ultimate determination that Plaintiff is not disabled within the meaning of the Social Security Act.

Having conducted a *de novo* review and after consideration of the Report and Recommendation and the objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 19) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17). This Court therefore **AFFIRMS** the decision of the Commissioner of Social Security. The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.


source's finding would have been entitled to controlling weight, it would certainly seem as though greater weight should have been given to it that to which the [administrative law judge] applied." (ECF No. 19, at Page ID # 111.)

Plaintiff's reasoning asks this Court to assign dispositive weight to one doctor's conclusions despite the fact that, as even Plaintiff acknowledges, there is debate among the numerous doctors involved in Plaintiff's case as to whether Bolz's conclusions regarding Plaintiff's purported condition are correct. In light of the substantial evidence that undercuts Bolz's diagnosis, this Court cannot conclude that either the administrative law judge or the Magistrate Judge erred. Both recognized Bolz's conclusions but weighed them within the context of a notably conflicted record that contained much evidence casting those conclusions into doubt. Accordingly, the Court disagrees with Plaintiff that either the administrative law judge or the Magistrate Judge disregarded the purpose of the Social Security Act. Substantial evidence supports the administrative law judge's findings and ultimate determination that Plaintiff is not disabled within the meaning of the Social Security Act.

Having conducted a *de novo* review and after consideration of the Report and Recommendation and the objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 19) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17). This Court therefore **AFFIRMS** the decision of the Commissioner of Social Security. The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE